UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22265-CIV-WILLIAMS/MCALILEY

GREGORY WOODEN,

    Plaintiff,

vs.

OSCAR ANDINO and
ERIC GOLDBERG,

    Defendants.
_____/

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
AND REPORT AND RECOMMENDATION OF DISMISSAL
<u>WITH LEAVE TO AMEND</u>**

Plaintiff, Gregory Wooden, proceeding *pro se*, has filed an Application to Proceed *in Forma Pauperis*, which the Honorable Kathleen M. Williams referred to me for resolution. (ECF Nos. 3, 4). Having carefully considered the Application, I conclude that Plaintiff meets the financial requirements for *in forma pauperis* status and, therefore, I **GRANT** Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). However, it is clear from a careful review of the Complaint that Plaintiff has not stated a claim for relief.

Section 1915(e) provides, among other things, that a court must dismiss an *in forma pauperis* action at any time if it fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In order to state claim for relief, the plaintiff must plead facts that

make out a claim that is plausible on its face and raises the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. He alleges that Defendant Oscar Andino, a detective with the Miami-Dade Police Department, and Defendant Eric Goldberg, a sergeant with the "Metro Police", used false information to apply for a search warrant. (ECF No. 1 at 4). In particular, Plaintiff alleges that Defendants "applied for a search warrant putting false information into the warrant as in they have me on videotape shooting someone." (*Id*.). Plaintiff also alleges that Defendants "used false information from [a] witness stating I was involved in a shooting and they knew it was false." (*Id*.).

To state a § 1983 claim, a plaintiff must allege sufficient facts that, if taken as true, establish the following elements: "(1) an act or omission deprived [the plaintiff] of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law." *Hinson v. Jackson*, No. 1:16-CV-3671, 2017 WL5476794, at *1 (N.D. Ga. March 3, 2017) (citing *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1581 (11th Cir. 1995)). The Eleventh Circuit has recognized that an officer may be held liable under 42 U.S.C. § 1983 for submitting a warrant application that contains false information. *See Holmes v. Kucynda*, 321 F.3d 1069, 1083 (11th Cir. 2003) (citing *Malley v. Briggs*, 475 U.S. 335 (1986)); *Kelly v. Curtis*, 21

F.3d 1544, 1554 (11th Cir. 1994), However, the officer must have knowingly or recklessly made false statements; negligent misrepresentations are not enough. *Kell*, 21 F.3d at 1554.

Here, the Complaint alleges that Defendants submitted a search warrant application "putting false information into the warrant as in they have me on video tape shooting someone." (ECF No. 1 at 4). This allegation is insufficient to state a plausible § 1983 claim because critical facts are missing. For example, Plaintiff does not identify which Defendant submitted the allegedly false search warrant, which statement(s) in the warrant are allegedly false, and whether and how either Defendant knew the statement(s) was false, or acted recklessly with regard to the truthfulness of the statement(s). Plaintiff's other allegation, that Defendants "used false information from [a] witness stating I was involved in a shooting and they knew it was false", (*id.*), is similarly inadequate.  For example, Plaintiff does not specify what "information" was allegedly false, how Defendants "used" that information, or what facts support the conclusion that each Defendant knew the information was false. "If a litigant … fails to provide factual allegations in support of his [§ 1983] claim or claims, then the complaint is subject to dismissal." *Hinson*, 2017 WL 5476794 at *1 (citing *Chappel v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003)).

Plaintiff did file a "Notice of Intent to File a Tort Claim" which contains a few additional facts. (ECF No. 1 at 1). Those facts, however, do not save the Complaint from dismissal. The Complaint does not refer to or attach the Notice of Intent as an exhibit, and therefore the Court cannot consider that information when deciding if Plaintiff states a claim. *Grossman v. Nationsbank*, 225 F.3d 1228, 1231 (11th Cir. 2000) (court's analysis on motion to dismiss limited to four corners of the complaint and the attached exhibits).

3

Even if the Court could consider the Notice of Intent, there would still be key factual allegations absent, such as the specific statements that are allegedly false and how Defendants knew they were false. *See Oxford Asset Mgmt., Ltd. V. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal.").

It is unclear why Plaintiff filed the Notice of Intent. The Notice of Intent is addressed to the individual Defendants, and does not reflect if it was served, when, or upon whom. Florida Statutes § 768.28(6)(a) does require pre-suit notice when a state agency or subdivision is sued, but no such entity is named as a defendant in the Complaint. Rather, Defendant sues only Detective Andino and Sargent Goldberg. (ECF No. 1 at 3). The Court cannot discern whether Plaintiff intends to sue Defendants in their official capacity, that is for actions taken within the course and scope of their employment, or instead, in their individual capacity. If the latter, section 768.28(9)(a) specifies that an officer, employee or agent of the state or any of its subdivisions cannot be held personally liable unless he "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28 (9)(a). The Complaint does not clearly set forth any such allegations.

For the foregoing reasons, the Complaint fails to allege a plausible claim that Defendants deprived Plaintiff of a constitutional right, as is necessary to state a cause of action under § 1983. Given that Plaintiff is *pro se* and this is his first attempt to state a § 1983 claim, I **RESPECTFULLY RECOMMEND** that the Complaint be dismissed without prejudice with leave to amend.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 15th day of February, 2022.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
    Gregory Wooden, *pro se*