UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22265-CIV-WILLIAMS/MCALILEY

GREGORY WOODEN,

    Plaintiff,

vs.

OSCAR ANDINO

    Defendant.

_____/

## REPORT AND RECOMMENDATION TO DISMISS AMENDED COMPLAINT

This Court previously granted the *in forma pauperis* Application of Plaintiff, Gregory Wooden, and issued a Report to the Honorable Kathleen M. Williams that recommended that she dismiss Plaintiff's Complaint with leave to amend, for failure to state a claim upon which relief could be granted. (ECF No. 6). In that Report and Recommendation, I identified specifically how the Complaint was deficient, so that Plaintiff, who does not have the assistance of an attorney, would understand how his factual allegations were insufficient, and so that he might be guided by that information in the event he chose to amend his Complaint. Plaintiff did not file objections to my Report and Recommendation and, rather than wait for Judge Williams to rule on it, he filed an Amended Complaint. (ECF No. 7). I have carefully reviewed the Amended Complaint, and

I find that Plaintiff has not cured the pleading deficiencies that I identified for him. As before, the Amended Complaint fails to state a claim for relief, and it must be dismissed.

A court must dismiss an *in forma pauperis* action at any time if it fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief, the plaintiff must plead facts that make out a claim that is plausible on its face and raises the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Plaintiff files this action pursuant to 42 U.S.C. § 1983. He alleges two instances when Detective Oscar Andino purportedly used false information in violation of Section 1983. The first instance is where Detective Andino allegedly "put false information in the affidavit for a search warrant to mislead the judge to believe that there was probable cause to search and arrest Gregory Wooden by stating that Gregory Wooden was on surveillance footage committing a murder…." (ECF No. 7 at ¶ 2).

In my first Report and Recommendation, I noted that the Eleventh Circuit Court of Appeals has recognized that an officer may be held liable under 42 U.S.C. § 1983 for submitting a warrant application that contains false information. *See Holmes v. Kucynda*, 321 F.3d 1069, 1083 (11th Cir. 2003) (citing *Malley v. Briggs*, 475 U.S. 335 (1986)); *Kelly v. Curtis*, 21 F.3d 1544, 1554 (11th Cir. 1994). This is true, however, only if the officer knowingly or recklessly made the false statement. It is not enough if the officer negligently, or mistakenly, made the misrepresentation. *Kelly*, 21 F.3d at 1554.

Plaintiff does identify the allegedly false statement ("that Gregory Wooden was on surveillance footage committing a murder") that Detective Andino included in the search warrant. Plaintiff's claim is nonetheless deficient because he does not allege that Detective Andino knew the statement was false. Even if Plaintiff alleged such knowledge, his claim is still insufficient because he does not allege "how [the] Defendant knew the statement(s) was false, or acted recklessly with regard to the truthfulness of the statement(s)." (ECF No. 6 at 3). Absent allegations that Detective Andino knowingly or recklessly made the alleged false statement *and* facts to support the conclusion that Detective Andino acted knowingly or recklessly, Plaintiff cannot state a plausible § 1983 claim.

The second instance where Detective Andino allegedly violated Section 1983 is when he "used false information from witnesses that he knew was false and failed to carry out a full and proper investigation…." (ECF No. 7 at ¶ 3). Unlike the first instance of alleged wrongdoing, Plaintiff does allege that Detective Andino knew the "information" was false. Plaintiff does not, however, allege any facts to support the conclusion that Detective Andino had this knowledge. Plaintiff also does not identify what the information was, how Detective Andino allegedly used it, or how Detective Andino failed to conduct a "full and proper" investigation. These are deficiencies that I brought to Plaintiff's attention in my prior Report and Recommendation. (*See* ECF No. 6 at 3).

I recognize that Plaintiff attaches as an exhibit to his Amended Complaint a "Notice of Intent to File a Tort Claim." (ECF No. 7 at ¶¶ 2-3; p. 3). As I previously explained, this Notice does not provide the necessary information that is missing from the Amended

Complaint. (ECF No. 6 at 4). The key facts that Plaintiff must allege to state a plausible § 1983 claim, as explained above, are not set forth in the Notice.

"If a litigant … fails to provide factual allegations in support of his [§ 1983] claim or claims, then the complaint is subject to dismissal." *Hinson*, 2017 WL 5476794 at *1 (citing *Chappel v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003)). For the reasons stated here, the Amended Complaint fails to allege a plausible claim that Detective Andino deprived Plaintiff of a constitutional right, which is necessary to state a cause of action under § 1983.

The Court expects that Plaintiff would have followed the guidance I offered in my first Report and Recommendation. To give Plaintiff every benefit of the doubt, I recommend that he be given one final opportunity to amend his complaint. Plaintiff is warned that if he chooses to file a second amended complaint that also does not properly allege a claim, then his complaint will be subject to dismissal with prejudice.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Amended Complaint be dismissed without prejudice with leave to file a second amended complaint.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 29th day of April 2022.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
    Gregory Wooden, *pro se*