UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22265-CIV-WILLIAMS/MCALILEY

GREGORY WOODEN,

    Plaintiff,

vs.

OSCAR ANDINO

    Defendant.

_____/

**REPORT AND RECOMMENDATION TO DISMISS
SECOND AMENDED COMPLAINT WITH PREJUDICE**

Plaintiff, Gregory Wooden, has now filed his third Complaint in this action. (*See* 2nd Amended Verified Complaint, ECF No. 9).[1] I recommend that the Court dismiss it with prejudice.

Plaintiff is not represented by counsel. When he initiated this suit, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3), which I granted (ECF No. 6). At that time, I noted that Title 28 U.S.C. § 1915(e) requires the Court to dismiss an *in forma pauperis* action that fails to state a claim for which relief may be granted. I explained in that Report and Recommendation that Plaintiff's first Complaint did not state a claim for relief under 42 U.S.C. § 1983, and I identified the information Plaintiff would have to

---

[1] For reasons that are unclear, Plaintiff filed his "2nd Amended Verified Complaint" twice. (*See* ECF Nos. 9, 10).

allege to properly state a claim. I recommended that the Court dismiss Plaintiff's Complaint without prejudice, so that Plaintiff could have an opportunity to file an amended complaint that met the pleading requirements that I set out. (*Id.*).

Rather than file any objections to my first Report and Recommendation, Plaintiff filed a three-paragraph Amended Complaint. (ECF No. 7). It did not include allegations that I identified as necessary for Plaintiff to allege a section 1983 action against Defendant Oscar Andino. I therefore entered a second Report and Recommendation that recommended that the Court again dismiss Plaintiff's Amended Complaint. Again, I specified exactly where Plaintiff fell short in pleading a claim under section 1983 against Defendant Andino. I recommended that Plaintiff be given one last chance to file a revised complaint that properly pled a section 1983 action. (ECF No. 8).

As before, Plaintiff did not file objections to my second Report and Recommendation. Rather he filed his third Complaint, the "2nd Amended Verified Complaint". (ECF No. 9). This Second Amended Complaint has fourteen numbered paragraphs. They do not include the allegations, that I have twice identified for Plaintiff, which are essential to plead a section 1983 claim.[2]

Like his second Complaint, the latest Complaint alleges word-for-word, the same two instances when Detective Oscar Andino purportedly used false information in violation of Section 1983. The first was when Detective Andino allegedly "put false information in the affidavit for a search warrant to mislead the judge to believe that there was probable

---

[2] I incorporate here, by reference, the pleading standards that I have twice set out in my earlier Report and Recommendations. (*See* ECF Nos. 6, 8).

cause to search and arrest Gregory Wooden by stating that Gregory Wooden was on surveillance footage committing a murder…." (ECF No. 9 at ¶ 7). The second was that Detective Andino "used false information from witnesses that he knew was false and failed to carry out a full and proper investigation…." (*Id.* at ¶ 8).

Regarding both general allegations, as explained fully in my last Report and Recommendation, to properly allege a section 1983 claim, Plaintiff must allege that Defendant knowingly or recklessly made false statements or used false information. (*See* ECF No. 8 at 2, citing *Holmes v. Kucynda*, 321 F.3d 1069, 1083 (11th Cir. 2003) (citing *Malley v. Briggs*, 475 U.S. 335 (1986)); *Kelly v. Curtis*, 21 F.3d 1544, 1554 (11th Cir. 1994)). Moreover, Plaintiff must allege facts to support this allegation, that make out a claim that is plausible on its face and that raises Plaintiff's right to relief beyond a speculative level. (*Id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). As before, Plaintiff has not done this in his most recent Complaint.

In his most recent Complaint, Plaintiff attaches, as an exhibit, a copy of the Search Warrant that is the subject of his lawsuit. (ECF No. 9 at 6-8). He states in the Complaint that "[i]f the court examines the search warrant, you will realize that it's a sham." (*Id.* at ¶ 9). It is not possible for the Court to find, from the face of the search warrant, that it is "a sham". The attachment of this document does not satisfy the pleading requirements that I have twice set out for Plaintiff. Nor do the conclusory allegations that are otherwise new to his latest Complaint.

"If a litigant … fails to provide factual allegations in support of his [§ 1983] claim or claims, then the complaint is subject to dismissal." *Hinson v. Jackson,* No. 1:16-CV-

3

3671, 2017 WL5476794, at *1 (N.D. Ga. March 3, 2017) (citing *Chappel v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003)). For the reasons stated here, the Second Amended Complaint fails to allege a plausible claim that Detective Andino deprived Plaintiff of a constitutional right, which is necessary to state a cause of action under § 1983.

Plaintiff has been provided multiple opportunities to file a properly plead complaint. I therefore **RESPECTFULLY RECOMMEND** that the Court **DISMISS WITH PREJUDICE** Plaintiff's "2nd Amended Verified Complaint" and that the Court **CLOSE** this case.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 29th day of June 2022.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
    Gregory Wooden, *pro se*