**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 21-22265-CIV-WILLIAMS**

GREGORY WOODEN,

     Plaintiff,

v.

OSCAR ANDINO,

     Defendant.

_____/

## <u>ORDER</u>

**THIS MATTER** is before the Court on Magistrate Judge Chris M. McAliley's Report and Recommendation ("***the June 29, 2022 Report***") (DE 11) that the Court dismiss *pro se* Plaintiff Gregory Wooden's ("***Plaintiff***") Second Amended Complaint (DE 10) with prejudice and close this case. Plaintiff initiated the above-captioned case pursuant to 42 U.S.C. § 1983 ("***Section 1983***") against Oscar Andino ("***Defendant Andino***"), a detective with the Miami-Dade Police Department, and Eric Goldberg ("***Defendant Goldberg***"), a sergeant with "Metro Police." (DE 1.) Plaintiff alleged that Defendants Andino and Goldberg used false information to apply for a search warrant for Plaintiff. (*Id.* at 1–4.) Plaintiff also moved to proceed *in forma pauperis*. (DE 3.) On February 15, 2022, Judge McAliley entered an order and report, which granted Plaintiff's Motion to Proceed *In Forma Pauperis* and recommended that the Court dismiss this case for failure to state a plausible Section 1983 claim ("***the February 15, 2022 Report***"). (DE 6.) Judge McAliley noted that "critical facts [were] missing" from the initial Complaint, stating, "Plaintiff does not identify which Defendant submitted the allegedly false search warrant, which statement(s) in the warrant are allegedly false, and whether and how either Defendant knew the statement(s) were false, or acted recklessly with regard to the truthfulness of the statement(s) . . . . [and] does not specify what 'information' was allegedly false, how Defendants 'used' that information, or what facts support the conclusion that each Defendant knew the information was false." (*Id.* at 3.)

However, Judge McAliley also recommended that the Court grant Plaintiff leave to amend his claims. (*Id.* at 4.)

On March 7, 2022, before the Court entered a ruling regarding the February 15, 2022 Report, Plaintiff filed the three-paragraph First Amended Complaint against Defendant Andino alone. (DE 7.) On April 29, 2022, Judge McAliley issued a second report ("***the April 29, 2022 Report***") and recommended that the Court dismiss the First Amended Complaint because "Plaintiff has not cured the pleading deficiencies that [were] identified for him." (DE 8.) Judge McAliley stated, "Absent allegations that Detective Andino knowingly or recklessly made the alleged false statement and facts to support the conclusion that Detective Andino acted knowingly or recklessly, Plaintiff cannot state a plausible [Section] 1983 claim." (*Id.* at 3.) Nevertheless, Judge McAliley recommended that Plaintiff "be given one final opportunity to amend his complaint." (*Id.* at 4.)

Before the objections period for the April 29, 2022 Report lapsed, Plaintiff filed the Second Amended Complaint.[1] (DE 9.) Judge McAliley then issued the instant June 29, 2022 Report, noting that "[t]he Second Amended Complaint has fourteen numbered paragraphs . . . . [which] do not include the allegations, that I have twice identified for Plaintiff, which are essential to plead a [S]ection 1983 claim." (DE 11 at 2.) The Report then states:

> In his most recent Complaint, Plaintiff attaches, as an exhibit, a copy of the Search Warrant that is the subject of his lawsuit . . . . He states in the Complaint that '[i]f the court examines the search warrant, you will realize that it's a sham' . . . . It is not possible for the Court to find, from the face of the search warrant, that it is 'a sham.' The attachment of this document does not satisfy the pleading requirements that I have twice set out for Plaintiff. Nor do the conclusory allegations that are otherwise new to his latest Complaint.

(*Id.* at 3.)

Judge McAliley concludes that "the Second Amended Complaint fails to allege a plausible claim that Detective Andino deprived Plaintiff of a constitutional right, which is necessary to state

---

[1] As Judge McAliley states in the June 29, 2022 Report, "For reasons that are unclear, Plaintiff filed his '2nd Amended Verified Complaint' twice." (DE 11 at 1 n.1; *see also* DE 9; DE 10.) The Court construes the first filing (DE 9) as the operative Second Amended Complaint.

a cause of action under [Section] 1983" and thus recommends that the Court dismiss this case with prejudice. (*Id.* at 4.) On July 15, 2022, Plaintiff objected to the June 29, 2022 Report ("***Plaintiff's Objection***"), stating without any further substantiation that the Second Amended Complaint "shows sufficient evidence within the search warrant[] that there was some sort of 'foul' play involved, due to the search warrant not providing any facts about which it relied upon." (DE 12 at 1.)

Having reviewed the June 29, 2022 Report, Plaintiff's Objection, and the record, the Court agrees with Judge McAliley that Plaintiff's Second Amended Complaint fails to state a plausible claim for relief under Section 1983. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judge McAliley's June 29, 2022 Report (DE 11) is **AFFIRMED AND ADOPTED**.

2. This case is **DISMISSED WITH PREJUDICE**.

3. All other pending motions are **DENIED AS MOOT**.

4. Any deadlines, hearings, and/or trial settings are **CANCELED**.

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 15th day of July, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Gregory Wooden, *Pro Se*
11360 SW 227th Street
Miami, FL 33170